**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 12:12 pm, Sep 24, 2015*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>13-11606</u> |
| CHRISTOPHER GARRETT MOHR, | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

## <u>OPINION AND ORDER</u>

Before the Court are the issues of whether Christopher Garrett Mohr ("Debtor") has standing as a chapter 7 debtor to object to the proofs of claim and motion for relief filed by RREF II WBC Acquisitions, LLC ("RREF"), and whether RREF has standing to file a motion for relief and defend against Debtor's objection to its proofs of claim. For the following reasons, the Court finds that Debtor lacks standing to object to the claims of RREF and to oppose the motion for relief and RREF has standing to file a motion for relief from stay and defend its claims. Furthermore, the Court finds the property that is the subject of RREF's motion for relief is not property of Debtor's bankruptcy estate and therefore not subject to the §362 stay, and alternatively, to the extent necessary, relief from the stay is granted.

## <u>FINDINGS OF FACT</u>

RREF filed fourteen proofs of claims in Debtor's

bankruptcy case totaling $1,247,317.90. These claims arise from Debtor's personal guaranty of fourteen loans made to Brooks Mohr Builders, LLC ("BMB"). The loans to BMB were to finance the purchase and construction of residential dwellings. Debtor, through another corporation, Chris Mohr Enterprises, Inc., holds a 50% membership in BMB. Neither BMB nor Chris Mohr Enterprises, Inc. are in bankruptcy or protected by the §362 automatic stay. Debtor objects to each RREF claim and its motion for relief from stay arguing RREF lacks standing to maintain and defend any action in this Court because it has failed to qualify to do business in Georgia in accordance with O.C.G.A. §14-11-711(a).[1] Conversely, RREF asserts Debtor lacks standing in this chapter 7 bankruptcy case because a chapter 7 trustee ("Trustee") has been appointed and duly performing his duties and because Debtor lacks a pecuniary interest in this bankruptcy case.

**CONCLUSIONS OF LAW**

**Debtor's Standing**.

To have standing in a bankruptcy case, courts consider two matters--constitutional requirements and prudential factors. See E.F. Hutton & Co. v. Hadley, 901 F.2d 979, 984 (11th Cir. 1990)("In

---

[1] Debtor also objects on grounds that he is no longer personally liable as a guarantor on the debt under the terms of a settlement agreement reached in pre-petition litigation.

✎AO 72A
(Rev. 8/82)

order to analyze standing, the Supreme Court has formulated a two-component framework, consisting of 'irreducible' constitutional requirements and prudential considerations.") <u>citing</u> <u>Valley Forge Christian College v. Americans United for Separation of Church & State</u>, 454 U.S. 464, 472 (1982); <u>In re Ring</u>, 178 B.R. 570, 575 (Bankr. S.D. Ga. 1995)("A plaintiff must overcome a number of constitutional and 'prudential' hurdles in order to gain standing in federal court."). The United States Supreme Court set forth a three-part test for constitutionally mandated standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

<u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). For the reasons discussed in this opinion, Debtor lacks an injury in fact caused by RREF that may be redressed by a favorable decision, where the Trustee is performing his duties, a surplus is not reasonably likely to be generated, and Debtor has received a chapter 7 discharge. The bankruptcy discharge relieved Debtor from all

3

personal liability in regards to the guaranties.  For these reasons, Debtor lacks constitutional standing to object to RREF's claims.

Debtor also lacks a pecuniary interest sufficient to have standing to object to the claims.  "Bankruptcy standing is narrower than Article III standing . . . [T]o have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings." In re Cult Awareness Network, Inc., 151 F.3d 605, 607 (7th Cir. 1998).  Pursuant to §502(a) a filed proof of claim is deemed allowed unless a "party in interest" objects.  11 U.S.C. §502(a).  Bankruptcy Rule 3007 states:

> An objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007.  The Advisory Committee Note to Bankruptcy Rule 3007 explains:

> While the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee.  Pursuant to §502(a) of the Code, however, any party in interest may object to a claim.  But under §704 the trustee, if any purpose would be served thereby, has the duty to examine proofs of claim and object to improper claims.

4

Fed. R. Bankr. P. 3007 advisory committee's note.

Generally in a chapter 7 bankruptcy case, the chapter 7 trustee is the proper party to review and object to proofs of claim. See In re Trusted Net Media Holdings, LLC, 334 B.R. 470, 475 (Bankr. N.D. Ga. 2005)("the majority of courts have ruled that a chapter 7 trustee alone may file objections to proofs of claim."). Most courts have held that a chapter 7 debtor is not a "party in interest" with standing to object to the claim because claim allowance/disallowance in a chapter 7 bankruptcy case normally only affects the pecuniary rights of creditors, namely the amount available for distribution to such creditors. In re Cult Awareness Network, Inc., 151 F.3d 605, 607 (7th Cir. 1998)("[T]o have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings."); see also In re Costello, 184 B.R. 166, 168 (Bankr. M.D. Fla. 1995). However, courts have carved out some exceptions to this general rule such as: when the chapter 7 trustee refuses to or neglects to perform his duty under §704(a)(5) regarding objecting to improper claims; when the chapter 7 case is reasonably likely to be a surplus case; or when the debt at issue is one that may not be subject to discharge. See Caserta v. Tobin, 175 B.R. 773, 775 (S.D. Fla. 1994)(in a chapter 7 case where a trustee has been appointed and there is no

✎AO 72A
(Rev. 8/82)

surplus to create a pecuniary interest on debtor's behalf, a debtor lacks standing to object to creditor's claims); <u>In re Smith</u>, 122 B.R. 130, 132 (Bankr. M.D. Fla. 1990)(where there is no surplus, debtor lacks standing to challenge the IRS's claim); <u>In re Stanley</u>, 114 B.R. 777, 778 (Bankr. M.D. Fla. 1990) ("[U]nless the Debtor can demonstrate that disallowing the claim would produce a surplus which would be available to the Debtor, the Debtor lacks standing to object to the claim."). These exceptions are non-exhaustive and the Court's inquiry is whether Debtor has a pecuniary interest in order to have standing. In this case, Debtor does not have a pecuniary interest.

Debtor states it is too early to determine whether the bankruptcy is reasonably likely to generate a surplus and argues the Court should wait until all claim objections are determined before making this determination. Debtor also argues RREF has the burden to show no surplus will be generated. However, as to this issue, the burden is on Debtor to demonstrate that disallowance of RREF's claims could reasonably produce a surplus. <u>In re Matthews</u>, 2014 WL 1277874, *3 (Bankr. N.D. Ga. March 11, 2014)("The debtor carries the burden of proof of establishing that a 'surplus is a reasonable possibility' to allow the court to identify a pecuniary interest."); <u>In re Stanley</u>, 114 B.R. at 778 ("[U]nless the Debtor can demonstrate

6

AO 72A
(Rev. 8/82)

that disallowing the claim would produce a surplus which would be available to the Debtor, the Debtor lacks standing to object to the claim."); <u>Caserta</u>, 175 B.R. at 775 (debtor "has not demonstrated that disallowing [the creditor's] claim would produce a surplus of assets over claims")(brackets added); <u>In re Walker</u>, 356 B.R. 834, 848 (Bankr. S.D. Fla. 2006) ("Whether the test requires a reasonable possibility of a surplus or a certainty of a surplus, it remains the debtor's burden to provide sufficient evidence that disallowance of the contested claim will produce a surplus distribution to the debtor.").   The parties agreed to address the standing issue by briefs and Debtor has not offered sufficient evidence to conclude a surplus is a reasonable possibility in this case.

The Court may look to Debtor's schedules and the claims register when considering the reasonable possibility of a surplus. <u>See</u> <u>In re Curry</u>, 409 B.R. 831, 838-39 (Bankr. N.D. Tex. 2009)(noting some courts look to a debtor's schedules alone, however, the court looked at the claims register as well stating, "even though the debtor's schedules may reflect aggregate debts of an amount greater than the value of estate assets, a surplus can arise if the value of estate assets exceeds the aggregate amount of the filed claims."). A review of Debtor's schedules and the claims register shows that it is unlikely this bankruptcy case will generate a surplus.

Debtor's bankruptcy schedules submitted under penalty of perjury list assets of $1,192,303.10 and liabilities of $32,869,904.50. Dckt. No. 27 and 225. Debtor's schedules list several of these debts as "disputed"; however, even after removing all the "disputed" debts from Debtor's total liabilities, Debtor's scheduled debt exceeds $3,113,000.00, well in excess of the scheduled assets.[2]

Furthermore, a review of the claims filed[3] in this case shows a total of $20,176,513.63 in claims that have been filed, more than $18 million dollars of which are "unsecured" claims. These claims exceed Debtor's scheduled assets even after excluding all duplicated claims, claims that Debtor "disputes" on his bankruptcy schedules, and RREF's claims.[4] Dckt. No. 27.

Debtor also argues most of the filed proofs of claim are secured by real property owned by non-bankrupt third parties which

_____

[2] Debtor's schedules reflect he disputes $29,756,619.07 of his debts. Subtracting $29,756,619.07 from Debtor's total scheduled liabilities of $32,869,904.50 results in scheduled undisputed liabilities of $3,113,0285.43. See Dckt. No. 27, Schedules D, E, and F.

[3] The deadline to file claims has expired. See Dckt. No. 112.

[4] Subtracting RREF's claims totaling $1,247,317.90, disputed and duplicate claims in the combined amount of $2,624,057.32 still leaves more than $16,000,000.00 in total filed claims, of which over $15,500,000.00 is "unsecured."

✎AO 72A
(Rev. 8/82)

Debtor claims have significant value; however, Debtor's schedules value his ownership interest in these third party entities at $0.00 and many of the descriptions for such entities reflect deficiency claims indicating the debt exceeds the value. Furthermore, as previously stated, unsecured claims for more than $18 million dollars have been filed.

Finally, the Trustee has filed an interim report estimating the net value[5] of Debtor's assets to be $31,250.00. This $31,250.00 represents the funds the Trustee anticipates will be available to distribute to Debtor's unsecured creditors who have filed claims in the approximate amount of $18 million dollars. Dckt. No. 488.

Pursuant to §726(a) surplus funds are not entitled to be distributed to the debtor until all allowed and administrative claims are paid in full. See 11 U.S.C. §726(a)(1) (priority claims), §726(a)(5) (requiring interest) and §726(a)(6) (distribution to debtor). The deadline to file avoidance actions has expired. See 11 U.S.C. §546(a) (providing a two year from petition date statute of limitations). The Trustee does have two pending adversary proceedings seeking to avoid transfers. One adversary

---

[5] Estimated net value is the value of the assets as estimated by the Trustee, less liens, exemptions and costs.

9

proceeding is against Kim Q. Mohr attempting to recover $115,000.00 which the Trustee claims was fraudulently transferred, and the other seeks to avoid various Quit Claim Deeds. See Adversary Proceeding No. 15-01016 and Adversary Proceeding No. 15-01017, respectively. However, there is no indication a surplus is a reasonable possibility, and this is before even considering the costs of litigation. For these reasons, Debtor has not shown a surplus is a reasonable possibility in this bankruptcy case.

Generally, debtors have a pecuniary interest if the particular debt may be declared non-dischargeable in the debtor's bankruptcy case. See In re Curry, 409 B.R. 831, 838 (Bankr. N.D. Tex. 2009)(stating a debtor has a pecuniary interest in the objection of a claim that may be non-dischargeable); In re Toms, 229 B.R. 646,651 (Bankr. E.D. Pa. 1999)(When the debt may be declared non-dischargeable the debtor has standing to object to the claim); Drake v. U.S., 2014 WL 6883104, at *2-3 (N.D.N.Y. Dec. 4, 2014)("even in the absence of a possible surplus, a debtor challenging the amount for which he will be ultimately and directly responsible has a direct financial interest sufficient to warrant standing."). In this case, Debtor was discharged of personal liability on April 15, 2015 so he does not have a pecuniary interest in this claim. See Dckt. No. 498; see also 11 U.S.C. §362(c).

10

Furthermore, there is no pending dispute on the dischargeability of RREF's debt or opposition to Debtor's receipt of his discharge and the deadline to file objections to discharge under §727 and to the dischargeability of certain debts under §523(a) has expired. See Dckt. No. 424. As a result, Debtor has received a discharge for personal liability for any pre-petition debt owed RREF pursuant to the personal guaranties. For these reasons, Debtor does not have a pecuniary interest in the current matter.

Furthermore, in this case, the Trustee has been duly appointed as the chapter 7 trustee with standing to object to claims and administer the bankruptcy estate. Pursuant to §704(a) the Trustee has the duty to object to improper claims if a purpose would be served. 11 U.S.C. §704(a)(5). Debtor argues he has standing because the Trustee has not objected to RREF's claims. Furthermore, Debtor argues he is in the exclusive position to object to the claims because the Trustee does not have knowledge of the settlement agreement whereby Debtor was purportedly released from the personal guaranties. However, given the facts of this case, these arguments are insufficient to grant standing to Debtor because nothing prevents the Debtor from assisting the Trustee and informing him of the terms of the settlement. There is no indication the Trustee has failed or refused to perform his duty. There is no allegation the

AO 72A
(Rev. 8/82)

Trustee was asked to object and improperly declined to object or fulfill his statutory duty. See In re Choquette, 290 B.R. 183, 188-89 (Bankr. D. Mass. 2003)(granting the debtor's motion for leave to file objections to claim where the trustee acquiesced and there was a surplus); see also In re Trusted Net Media Holdings, LLC, 334 B.R. at 475 ("A creditor can object to the claim of another creditor only if, upon demand, the trustee refuses to do so and the court grants the creditor the right to act on behalf of the trustee."). The Trustee may have a legitimate reason for not objecting to RREF's claims. For these reasons, where there are no allegations or evidence the Trustee has neglected to duly perform his duties, and because Debtor has received his discharge, and there is no evidence that a surplus is a reasonable possibility or any other grounds to grant Debtor standing, the Court finds Debtor does not have standing to object to RREF's proofs of claim.

The underlying nature of this debt and the scope of the chapter 7 bankruptcy case are important considerations. The borrower on the RREF loans is not the debtor in this bankruptcy. Debtor personally guaranteed these loans. In this bankruptcy, as evidenced by the proofs of claim any liability Debtor may have had in connection with RREF is from his personal guaranty of these loans. There is no co-debtor stay in chapter 7 cases. The scope of

12

Debtor's objection exceeds the scope of the issues currently before this Court.

Also, for the reasons previously discussed, Debtor lacks standing to object to RREF's motion for relief from stay. See In re Cohen, 141 B.R. 1, 2 (Bankr. D. Mass. 1992)(Chapter 7 Trustee's consent to relief from stay constitutes "cause" for relief from stay); In re Davenport, 266 B.R. 787, 788 (Bankr. W.D. Ky. 2001)("where the Trustee does not object to the stay motion of a creditor, the objections advanced by the Debtors have no merit and do not constitute 'good cause' for contesting the stay motion."). Debtor, who has received a discharge, lacks standing to oppose the motion for relief. See In re Eldorado Canyon Properties, LLC, 505 B.R. 598, 600 (B.A.P. 1st Cir. 2014)(since title to property of the estate no longer resides with the chapter 7 debtor, "it is the [chapter 7] trustee, and not the chapter 7 debtor, who possesses standing to appeal from a bankruptcy court order affecting property of the estate."); In re Moore, 450 B.R. 849, 852-53 (Bankr. N.D. Ind. 2011)("When a creditor seeks relief from stay due to a lack of adequate protection or a lack of equity in property, the central issue involves a relationship (adequate protection, yes or no; equity, yes or no) between the creditor, its collateral, and the bankruptcy estate, which is administered by the trustee; it does not

AO 72A
(Rev. 8/82)

involve the circumstances existing between the debtor and the moving creditor . . . a relief from stay hearing is simply a determination that the automatic stay no longer serves a bankruptcy purpose any other issues can be litigated elsewhere."); In re Hayden, 2013 WL 3776296, at *1 (Bankr. N.D. Ga. June 25, 2013)(in a relief from stay hearing the court is not concerned with a debtor's individual rights as to the property because the property belongs to the chapter 7 estate, any defenses a debtor has to foreclosure may be asserted in state court); In re Faloye, 459 B.R. 865, 867-68 (Bankr. N.D. Ga. 2011)(since the property was no longer property of the estate, the debtor's adversary against mortgagee had to be dismissed and mortgagee's motion for relief from stay was moot).

In this bankruptcy, RREF's collateral is Debtor's personal guaranty.  There is no co-debtor stay in a chapter 7 bankruptcy. Although the automatic stay is "extremely broad in scope . . . and should apply to almost any type of formal or informal action against the debtor or the property of the estate," [in chapter 7 proceedings] it does not extend "to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation."  Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993) (quoting 2 Collier on Bankruptcy ¶362.04 (15th ed. 1993)); see also In re Furlong, 660 F.3d 81, 89-90 (1st

14

AO 72A
(Rev. 8/82)

Cir. 2011) (stating that it is well settled that the automatic stay "does not extend to the assets of a corporation in which the debtor has an interest, even if the interest is 100% of the corporate stock"); In re Calhoun, 312 B.R. 380, 384 (Bankr. N.D. Iowa 2004)("[T]he separate legal existence of a corporation is respected in bankruptcy . . . . The automatic stay does not stay actions against separate entities associated with the debtor.") citing In re Peoples Bankshares, Ltd., 68 B.R. 536 (Bankr. N.D. Iowa 1986)(a debtor's ownership of all the shares in a corporation does not bring that corporation's property into the bankruptcy estate). BMB may have a defense in the non-bankruptcy court actions; however, Debtor lacks standing to oppose the motion for relief in this bankruptcy court. For these reasons, the Court finds Debtor lacks standing to object to RREF's claims and to object to RREF's motion for relief from stay.

**Standing of RREF to File Pleadings.**

In its motion for relief, RREF seeks relief from the §362 automatic stay to permit it to exercise its rights under state law and the underlying loan documents, including rights as to the collection of the rents from properties owned by BMB. RREF states it filed the motion for relief out of an abundance of caution, arguing the §362 automatic stay does not apply because the property

securing its notes is owned by a separate legal entity, BMB, who is not a debtor in bankruptcy.  The Court agrees that the stay does not apply because as previously discussed, there is no co-debtor stay in a chapter 7 bankruptcy case.   Furthermore, there is no §362 stay where the property is not property of the bankruptcy estate and where the Debtor has received a discharge. See 11 U.S.C. §362(c).

Alternatively, RREF argues it is entitled to relief from the §362 automatic stay on the merits.  In this regard, Debtor argues pursuant to O.C.G.A. §14-11-711(a), RREF does not have standing to file its motion for relief or to defend its claims in this bankruptcy case because it is not duly registered to transact business within the State of Georgia.  RREF counters arguing it is a foreign business allowed to collect its debt and defend its interest regarding its proofs of claim under the exceptions for "transacting business" set forth in O.C.G.A. §14-11-702(b).

Georgia Code §14-11-711 states:

(a) A foreign limited liability company transacting business in this state may not maintain an action, suit, or proceeding in a court of this state until it is authorized to transact business in this state.

(b) The failure of a foreign limited liability company to procure a certificate of authority does not impair the validity of any contract or act of the foreign limited liability company or prevent the foreign limited liability company from defending any action, suit, or proceeding

16

in any court of this state.

(c) A foreign limited liability company that transacts business in this state without registering as required by this chapter shall be liable to the state:

(1) For all fees which would have been imposed by this chapter upon such foreign limited liability company had it registered as required by this article; and

(2) If it has not been authorized to transact business in this state within 30 days after the first day on which it transacts business in this state, for a penalty of $500.00.

O.C.G.A. §14-11-711.[6] A non-exhaustive list of exclusions from the definition of "transacting business in this state" is found in O.C.G.A. §14-11-702(b) which provides in pertinent part:

(b) Without excluding other activities which may not constitute transacting business in this state, a foreign limited liability company shall not be considered to be transacting business in this state, for the purpose of qualification under this chapter, solely by reason of carrying on in this state any one or more of the following activities:

(1) Maintaining or defending any action or administrative or arbitration proceeding or effecting the settlement thereof or the settlement of claims or disputes;

---

[6] For purposes of this analysis, the Court assumes this bankruptcy court is a "Court of this State" since the parties did not address this issue.

17

.
.
.

> (7) Making loans or creating or acquiring evidences of debt, mortgages, or liens on real or personal property or recording the same;
> .
> .
> .
>
> (8) Securing or collecting debts or enforcing any rights in property securing the same . . . .

O.C.G.A. §14-11-702(b). First, as previously discussed Debtor lacks standing to oppose the relief. Second, even if Debtor has standing, the Court finds RREF has standing to pursue these matters in this bankruptcy case.

RREF's actions in this bankruptcy case are allowed by the plain language of O.C.G.A. §14-11-702(b) which provides in pertinent part, "maintaining or defending any action," "making loans or creating or acquiring evidences of debt," and "securing or collecting debts or enforcing any rights in property securing the same." O.C.G.A. §14-11-702(b)(1), (7) and (8). Under this section, without qualifying to do business in Georgia, RREF may undertake all the actions it is pursuing in this bankruptcy court, acquire evidences of debt, secure and collect debts, enforce its rights in the property, and maintain or defend any action. O.C.G.A. §14-11-

18

702(b); Powder Springs Holdings, LLC v. RL BB ACQ II-GA PSH, LLC, 754 S.E.2d 655, 659 (Ga. Ct. App. 2014)(where a foreign corporation had acquired loan documents, advertised and conducted the foreclosure sale, purchased the property at the foreclosure sale, reported the sale and filed the confirmation petition and where plaintiff did not present any evidence showing that lender transacted any other business in Georgia, lender was not transacting business in Georgia); Homac Inc. v. Fort Wayne Mortg. Co., 577 F. Supp. 1065 (N.D. Ga. 1983)(foreign corporation mortgagee which had already foreclosed on and brought action to repossess mobile home had not transacted business under statute exempting foreign corporations "securing or collecting debts or enforcing any rights in property securing the same," and, therefore, was not required to obtain certificate of authority to do business in order to maintain repossession action.).   This bankruptcy case was initiated by Debtor and RREF is defending its rights to pursue and collect its debt pursuant to the terms of the loan documents and guaranty and such conduct is permitted by O.C.G.A. §14-11-711 without qualifying to do business in Georgia.   RREF's failure to procure a certificate of authority does not invalidate its contractual rights or prevent it from defending its proofs of claim or seeking relief from the stay in this bankruptcy court to pursue its rights to collect its

AO 72A
(Rev. 8/82)

purported debt under the loan documents. "[T]he failure of a foreign limited liability company to procure a certificate of authority does not impair the validity of any contract or act of the foreign limited liability company or prevent the foreign limited liability company from defending any action, suit, or proceeding in any court of this state. O.C.G.A. §14-11-711(b)(emphasis added); In re McClelland, 2011 WL 2461885, at *9 n. 1 (Bankr. N.D. Ga. June 8, 2011)(rejecting the argument that a contract was unenforceable when the corporation was not authorized to transact business in Georgia stating, "a failure of a foreign limited liability company to register to do business in Georgia does not impair the validity of contracts").

In the bankruptcy case, by filing a motion for relief from stay and defending the objections to its claims in this bankruptcy case filed by Debtor, RREF is not, as Debtor argues, collecting rent from the tenants. A relief from stay hearing is a summary proceeding and RREF through its proofs of claim and documents attached has a colorable claim to enforce its rights set forth in the loan documents and amendments thereto. See In re Hayden, 2013 WL 3776296, at *1 (Bankr. N.D. Ga. June 25, 2013)("a party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate"). BMB, as the

20

borrower on the promissory notes, as well as Debtor may raise any appropriate defenses in any non-bankruptcy court once relief is granted.

For the foregoing reasons, the Court finds Debtor lacks standing to object to the claims of RREF or oppose the motion for relief.  It is therefore ORDERED that Debtor's objections to RREF's claim nos. 28-41 as amended are DENIED.  It is further ORDERED that RREF's motion for relief is GRANTED including without limitation RREF's request for the waiver of the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3).

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this __24th__ day of September, 2015.

AO 72A
(Rev. 8/82)